UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LINDA FAYE SMITH AND LARRY SMITH | * | CIVIL ACTION NO. 13-2368 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| WAL-MART LOUISIANA, LLC | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 5] filed by Plaintiffs Linda Faye Smith and Larry Smith. Defendant Wal-Mart Louisiana LLC ("Wal-Mart") opposes the motion. For reasons stated below, the motion to remand is DENIED.[1]

### Background

Linda Faye Smith and her husband, Larry Smith (collectively, "the Smiths") filed the above-captioned suit on September 11, 2012, against Wal-Mart in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiffs seek recovery against Wal-Mart for serious personal injuries and damages sustained by Linda Faye Smith following her May 22, 2012, collision with a stacked line of shopping carts that were being pushed by a Wal-Mart employee. (Petition,¶ 2). Plaintiffs also seek recovery for damages incurred by Larry Smith as a result of his wife's injuries. *Id.*, ¶ 6.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On July 30, 2013, Wal-Mart removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On August 6, 2013, Plaintiffs filed the instant motion to remand because Wal-Mart purportedly did not timely remove the case to federal court in accordance with 28 U.S.C. § 1446(b)(3). Briefing is now complete; the matter is before the court.

## Law and Analysis

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### I. The Court Has Subject Matter Jurisdiction Via Diversity

Wal-Mart invoked this court's diversity jurisdiction, which contemplates complete diversity of citizenship and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Both requirements are satisfied here. First, the parties are completely diverse: Plaintiffs are Louisiana domiciliaries and citizens; Defendant ultimately is a citizen of Arkansas. (Notice of

Removal, ¶¶ 3-4. Second, Wal-Mart has demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.[2]

In its notice of removal, Wal-Mart set forth facts indicating that Linda Faye Smith underwent anterior cervical fusion and diskectomy surgery to repair the C5-C6 and C6-C7 area of her neck, with associated medical expenses of approximately $42,000. (Notice of Removal, ¶¶ 18-20). Furthermore, she was unable to work. *Id*. Smith attributed her surgery, expenses, and inability to work to the incident at Wal-Mart. *Id*. General damages associated with this type of surgery typically exceed the jurisdictional threshold, even without consideration of the medical expenses. *See* Pl. Reply Memo (and cases cited therein). [doc. # 11].

**II.    Wal-Mart Removed This Matter Too Early, Not Too Late**

Under the removal statute, a defendant must file a notice of removal: 1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or 2) if the case "stated by the initial pleading is not removable," within 30 days after defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

---

[2] When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant may assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A). In so doing, the removing defendant must establish the requisite amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction). Defendant may meet its burden in one of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal Mart Stores*, 193 F.3d 848 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

1446(b)(1) & (3).[3]

To trigger § 1446(b)'s first 30 day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). Here, Plaintiffs' original petition does not contain any such allegation; thus, the initial 30 day removal window was not triggered.

The Fifth Circuit endeavored to establish another "bright line" rule for purposes of § 1446(b)'s second 30 day removal period. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The court explained that

> the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[4] This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnote omitted). This begs the question what must be included in an "other paper"[5] to make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold?

---

[3] On December 7, 2011, Congress amended 28 U.S.C. § 1446(b) pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"). *See* Pub.L 112-63. Other than dividing the 30 day removal periods into separately numbered paragraphs, the remaining changes wrought by the JVCA do not undermine the Fifth Circuit decisions regarding the 30 day removal periods. *See* discussion, *infra*.

[4] Now § 1446(b)(3).

[5] Under the JVCA, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

Despite some confusion,[6] *Bosky* managed to provide the lower courts with some guidance. The court cited Fifth Circuit cases such as *S.W.S. Erectors, Inc. v. Infax, Inc.*, and *Wilson v. Belin*, that it deemed consistent with its "unequivocally clear and certain" standard. *Bosky, supra* (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491-92 (5th Cir. 1996); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994)).[7] In both *S.W.S. Erectors* and *Wilson*, the removals were premised upon written evidence obtained from plaintiffs which acknowledged *specific damage figures that exceeded the federal jurisdictional minimum. Id*.

In addition, *Bosky* relied on the different meanings attributable to "setting forth" and "ascertained" – the two terms used to describe the information needed to trigger the first and second 30 day removal windows – to infer that the requisite trigger for the second removal period necessarily is stiffer than *Chapman*'s bright-line rule for the initial removal period. *Bosky, supra*.

While it is difficult to conceive of a more demanding requirement than that set forth in *Chapman*, i.e., a specific allegation that damages exceed the federal jurisdictional minimum, one must recall that *Bosky* was decided under the mistaken premise that *Chapman*'s bright-line rule had been degraded by subsequent amount-in-dispute cases, which, as it turns out, are inapposite. *See Mumphrey, supra*. Thus, *Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman*.[8]

---

[6] *See Mumphrey*, 719 F.3d at 400.

[7] *Bosky* also cited *Marcel v. Pool* Co., 5 F.3d 81, 82-85 (5th Cir. 1993). *Marcel*, however, did not contemplate the 30 day removal clock. *See Mumphrey, supra*.

[8] As aptly demonstrated by the matter at hand, an unintended consequence of *Bosky*, is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and "other papers" do not suffice to trigger the § 1446(b) removal window(s). *See Mumphrey*, 719 F.3d at 400,

Consistent with this interpretation, and with *S.W.S. Erectors* and *Wilson*, albeit, not discussed in *Bosky*, the "other paper[s]" that the *Bosky* defendants relied upon to support removal were documents that revealed actual medical expenses in excess of $75,000. *Bosky v. Kroger*, Appellee Brief, 2001 WL 34127780. Even more telling, is that 30+ days before removal, defendants obtained discovery from plaintiff stating that she would "not seek more than $500,000.00 for all of her damages and may seek less than this amount . . ." plus a *written statement that plaintiff's medical damages were around $50,000. Id*. By finding removal timely, *Bosky* effectively held that the foregoing evidence was insufficient to commence the 30 day removal period. Rather, the 30 day removal clock was not triggered until defendant obtained written proof of actual damages that exceeded the jurisdictional minimum.

In this case, Plaintiffs contend that based upon their discovery responses, which included a recommendation for cervical disc surgery by Ms. Smith's physician, Wal-Mart knew, or should have known by December 5, 2012, that the amount in controversy exceeded $75,000. (M/Remand, Memo., pg. 1). Removing defendants, however, are not held to a due diligence standard. *Drago v. Sykes*, Civ. Action No. 13-563, 2013 WL 3804834 (E.D. La. July 19, 2013) (citing *Chapman*, *Mumphrey*, and *Bosky*). Moreover, at no time prior to removal did Plaintiffs provide Wal-Mart with an "other paper" that contained specific damage estimates in excess of $75,000, as required by *Bosky* to trigger the second 30 day removal period, 28 U.S.C. § 1446(b)(3).

---

n13; *Biggs v. Cajun Operating Co.*, 2011 WL 196096 (N.D. Tex. Jan. 19, 2011) (noting the incongruity between the standard to satisfy amount in controversy and the standard to trigger mandatory removal).

The issue, then, is what to with a case that was removed not too late, but too early? In *Chapman*, the court intimated that when a case was prematurely removed, the court either may make a determination that the amount in controversy is satisfied or otherwise remand the matter to state court. *See Chapman, supra*. Here, all parties and the court agree that "other paper[s]," *i.e.* discovery responses, established by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum at the time of removal. *See* discussion, *supra*. Thus, the court's subject matter jurisdiction is not in question. Under these circumstances, it would prove a waste of the parties' time and resources to remand the matter to state court simply so Wal-Mart could re-remove the case under the "unequivocally clear and certain" standard. *See Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *8 n5 (S.D. Miss. May 29, 2009).[9]

## Conclusion

For the above-assigned reasons, the undersigned finds that the instant removal did not exceed § 1446(b)'s 30 day removal limits. 28 U.S.C. § 1446(b)(1) & (3). Accordingly,

Plaintiffs' motion to remand [doc. # 5] is DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 5th day of September 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[9] Although the district court in *Capturion Network* remanded the case to state court because defendant removed it prematurely, the court speculated that defendant would not be precluded from re-removing the case. *Id*. Indeed, that is exactly what occurred. *See Capturion Network v. Datronics*, Civil Action No. 09-0154 (S.D. Miss.).