UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LINDA FAYE SMITH AND LARRY SMITH | CIVIL ACTION NO. 13-2368 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WAL-MART LOUISIANA, LLC | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 20] filed by Plaintiffs Linda Faye Smith ("Mrs. Smith") and Larry Smith. For the following reasons, Plaintiffs' Motion is DENIED.

**I.   INTRODUCTION**

On September 11, 2012, Plaintiffs filed the above captioned suit against Defendant, Wal-Mart Louisiana LLC ("Wal-Mart"), in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiffs seek recovery for serious personal injuries and damages sustained by Mrs. Smith following her May, 2012, collision with a row of shopping carts[1] being pushed by Clifford Starr, a Wal-Mart employee. Plaintiffs also seek recovery for damages incurred by Larry Smith as a result of his wife's injuries. [Doc. No. 1].

On July 30, 2013, the case was removed to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [Doc. No. 1].

On November 7, 2013, Plaintiffs filed a Motion for Partial Summary Judgment [Doc. No.

---

[1] Carts were stacked into rows outside of the store, pushed by employees into the store through an opening on the side, and emerged inside the store near the entrance.

20] on the issue of liability. Plaintiffs argue that "[t]he sole and proximate cause of the accident and injuries to [Mrs. Smith] was the negligence of Wal-Mart's employee." [Doc. No. 20, p. 1].

On December 3, 2013, Wal-Mart filed an Opposition [Doc. No. 23] contending that comparative fault is a genuine issue of material fact for trial.

On December 10, 2013, Plaintiffs filed a Reply [Doc. No. 26], and Wal-Mart filed a Sur-Reply [Doc. No. 27] on December 23, 2013.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the

evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Analysis

Mrs. Smith asserts a negligence cause of action under Louisiana Civil Code article 2315. She claims that Wal-Mart is liable for her injuries because "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. Conversely, Wal-Mart asserts the affirmative defense of comparative fault. Louisiana Civil Code article 2323 addresses comparative fault as follows:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . . If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

LA. CIV. CODE art. 2323.

"Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to a question of comparative fault as well." *Pruitt v. Nale*, 45,483 (La. App. 2 Cir. 8/11/10), 46 So. 3d 780, 783. *But see Rance v. Harrison Co., Inc.*, 31,503 (La. App. 2 Cir. 1/20/99), 737 So. 2d 806, 810 ("Where reasonable minds cannot differ, the question of contributory or comparative negligence is a question of law that may be resolved by summary judgment."). In other words, "a partial summary judgment may not be granted for purposes of determining a particular element of liability such as . . . the fault of one party where such a

3

determination is not completely dispositive of the question of liability between the parties concerning that claim and where . . . comparative fault remain[s] unresolved." *Williams v. City of New Orleans*, 637 So. 2d 1130, 1132 (La. Ct. App. 1994); *see also Saba v. Hosp. Housekeeping Sys., Ltd.*, 2007-0916 (La. App. 1 Cir. 12/21/07) ("The issues of one party's liability and comparative fault are so intertwined that a ruling on the first may, or at the very least appear to, unduly influence the second, and thus, impermissibly taint the allocation of fault.").

"A shopper has the duty of exercising reasonable care for his own safety." *Retif v. Doe*, 632 So. 2d 405, 408 (La. Ct. App. 1994); *Cusimano v. Wal-Mart Stores, Inc.*, 2004-0248 (La. App. 1 Cir. 2/11/05), 906 So. 2d 484, 488; *Castille v. Wal-Mart Stores, Inc.*, 98-1216 (La. App. 5 Cir. 3/30/99), 731 So. 2d 904, 909; *see also Brungart v. K Mart Corp.*, 95-0708 (La. App. 1 Cir. 2/23/96), 668 So. 2d 1335, 1339 ("A shopper who sees a potentially dangerous condition and fails to take reasonable precautions to avoid the danger may be found to have contributed to his own injuries."); *Darby v. Brookshire Grocery Co.*, 37,460 (La. App. 2 Cir. 7/30/03), 851 So. 2d 358, 361 (holding that shoppers have a duty to be "at least somewhat aware of [their] surroundings").

Wal-Mart contends that article 2323's requirement that fault be apportioned applies to Plaintiffs' action. As noted, Wal-Mart argues that summary judgment is inappropriate because comparative fault is a genuine issue of material fact for trial. According to Wal-Mart, there is evidence upon which a reasonable fact finder could apportion some of the fault of Mrs. Smith's injuries to Mrs. Smith.

Wal-Mart relies on a surveillance video of the incident. [Doc. No. 20-11]. In the video, Mrs. Smith enters the store and walks towards a row of carts being pushed into the store. She reaches for the front cart, the row stops moving, and she pushes the cart forward enough for her to stand behind

it. At this point, she is standing behind her cart with her back to and directly in front of the previously moving row. After approximately sixteen seconds, the row moves again and strikes Mrs. Smith from behind. [Doc. No. 20-11, 1:22:00-1:22:24 PM].

Wal-Mart asserts that Mrs. Smith knew that carts were pushed into the store in that particular area. [Doc. No. 23, p. 8]. Wal-Mart argues that a fact finder could reasonably find that Mrs. Smith was aware of the potentially dangerous condition – rows of carts being pushed into store in that area. Additionally, Wal-Mart argues that a fact finder could reasonably conclude that Mrs. Smith breached her duty to be aware of her surroundings and avoid accidents when she stood with her back to and directly in front of a previously moving row. Wal-Mart points out that Mrs. Smith could have easily taken reasonable precautions to avoid the dangerous condition. For example, she could have not lingered in the cart area, not stood directly in front of a row, or not stood with her back to the cart entrance. [Doc. No. 23, p. 8-9]. Essentially, Wal-Mart claims that a fact finder could reasonably rely on such evidence to conclude that Mrs. Smith is partially at fault for her own injuries.

The Court agrees and finds that Wal-Mart has established a genuine issue of material fact for trial: whether Mrs. Smith is partially at fault for her own injuries.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 20] is DENIED.

MONROE, LOUISIANA, this 3rd day of January, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE